# In the United States Court of Federal Claims

No. 10-174C

(Filed: March 31, 2010)

Reissued: April 22, 2010[1]

_____

| | | |
|---|---|---|
| JONES AUTOMATION, INC., | * | Bid protest case; Application for a temporary |
| | * | restraining order; Injunctive factors; No |
| Plaintiff, | * | likelihood of success on the merits where |
| | * | extreme likelihood that court lacks |
| v. | * | jurisdiction; Issuance of restraining order not |
| | * | in the public's interest; Other factors did not |
| THE UNITED STATES, | * | counterbalance court's findings; Application |
| | * | denied. |
| Defendant. | * | |

_____

**ORDER DENYING APPLICATION FOR
TEMPORARY RESTRAINING ORDER**

_____

*Howell Roger Riggs* and *Timothy Pittman*, Dick Riggs Miller LLP, Huntsville, AL, for plaintiff.

*Armando A. Rodriguez-Feo*, Civil Division, U.S. Department of Justice, Washington, D.C., with whom was *Assistant Attorney General Tony West*, for defendant.

**ALLEGRA, JUDGE**:

This putative bid protest case is before the court on plaintiff's application for a temporary restraining order. After careful consideration of the memoranda filed by the parties, and for the reasons discussed below, the court hereby **DENIES** plaintiff's application.[2]

_____

[1] An unredacted version of this opinion was issued under seal on March 31, 2010. The parties were given an opportunity to propose redactions, but no such proposals were made. Nonetheless, the court has incorporated some minor changes into this opinion.

[2] Owing to the urgent need of the parties for a ruling on this matter, the court's recitation of the facts and law is necessarily brief.

**I.     FACTS**[3]

Plaintiff, Jones Automation, Inc., is a software development company based in Huntsville, Alabama.  On March 24, 2010, it filed a bid protest action challenging the supposed decision by the Army Corps of Engineers (the Corps) to terminate its contract with plaintiff and award, instead, a sole-source contract to a third party.  Plaintiff filed a memorandum in support of its application with its complaint; on March 30, 2010, defendant filed its opposition to the application.

During fiscal year 2005, the General Services Administration (GSA) awarded five contracts for the development and maintenance of electronic signature software systems used by the Corps at its Finance Center.  One of these contracts went to plaintiff.  Each of these contracts was for a base year, with four one-year options.  Plaintiff's contract was set to expire on December 19, 2009, with the other four contracts to expire around the same time.  In 2009, the Corps decided to issue a competitive solicitation through which it would award a single contract for all services and support relating to the software systems that could not be performed by Government employees.  It opted for this strategy because the Corps' financial management system had matured to the point where it required only steady maintenance that could be provided by fewer contract employees.  The Corps anticipated that this solicitation would be issued during the spring of 2010.

As the expiration dates for the first round of contracts approached, the Corps awarded each of the original contract recipients a short-term contract to provide the same services while the consolidated solicitation was finalized.  Plaintiff's bridge contract, GS-35F-0233N, continued its services from December 29, 2009, through March 31, 2010, and allocated $280,349.60 for this work.  The bridge contract gave defendant the option to extend the contract pursuant to 28 C.F.R. § 52.217-9, stating, in pertinent part –

> (a)  The Government may extend the term of this contract by written notice to the Contractor within thirty (30) days of expiration of this order; provided that the Government gives the Contractor a preliminary written notice of its intent to extend at least 60 days before the contract expires.  The preliminary notice does not commit the Government to an extension.

On March 12, 2010, the Corps notified plaintiff that it would not be extending the bridge contract past the March 31, 2010, termination date.

The Corps has not issued a new contract to any other party to perform the services currently provided by plaintiff.  Rather, it intends to obtain such services either from government

---

[3] This summary of facts is drawn from the administrative record in this case, which was filed yesterday, March 30, 2010.  These same facts were discussed at the preliminary status conference in this case, which was held on March 25, 2010.

employees or from one of the other four original contractors, whose contracts, unlike plaintiff's, have been extended until June 30, 2010. While plaintiff alleges that the Corps informed it that it would not be considered for the future consolidated procurement, defendant denies this and represents that the subject procurement will be an open competition.

## II. DISCUSSION

Plaintiff seeks a restraining order preventing the expiration of its bridge contract and enjoining defendant to continue that contract until a decision has been issued on plaintiff's claim for a permanent injunction.

We begin with common ground. In order to obtain a temporary restraining order, a party must show: (i) it will suffer irreparable injury unless the order issues; (ii) the threatened injury to it outweighs any damage to the opposing party; (iii) the temporary restraining order, if issued, will not be adverse to the public interest; and (iv) a substantial likelihood exists that it will prevail on the merits. *See Software Testing Solutions, Inc. v. United States*, 58 Fed. Cl. 533, 536 (2003); *EDP Enters., Inc. v. United States*, 56 Fed. Cl. 498, 499 (2003); *OAO Corp. v. United States*, 49 Fed. Cl. 478, 480 (2001). A temporary restraining order is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citing 11A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2948, at 129-30 (2d ed. 1995)); *see also Software Testing Solutions*, 58 Fed. Cl. at 536; *Minor Metals, Inc. v. United States*, 38 Fed. Cl. 379, 381 (1997) (citing *Golden Eagle Refining Co. v. United States*, 4 Cl. Ct. 622, 624 (1984)). In the instant case, the absence of any indicated likelihood of success on the merits – indeed, the extreme likelihood that this court lacks jurisdiction over plaintiff's claims – as well as the balancing of harms and the public's interest, leave little doubt that the pending application should be denied. A few words of elaboration are in order.

In its complaint and accompanying application for temporary relief, plaintiff portrays this case as one challenging its exclusion from bidding on a contract that is to be improperly awarded on a sole-source basis. Plaintiff claims that such an award would violate the Competition in Contract Act (CICA), 10 U.S.C. § 2304. Of course, CICA, as modified by other applicable procurement statutes, anticipates several forms of sole-source contracting. *See id*. at 2304(c) & (f); *see also* 48 C.F.R. § 6.302-2. But, this court need not consider whether plaintiff is inappropriately being excluded from a sole-source contracting opportunity because, as it turns out, there is neither a sole-source procurement planned here nor is plaintiff being excluded from the competitive procurement that is actually anticipated. With those points clarified, plaintiff, nevertheless, seeks an order essentially compelling defendant to exercise a further option on the bridge contract, thereby extending the work under that contract. As defendant points out, however, there is reason to doubt seriously that this court has jurisdiction to provide such relief. And that is no minor matter, as the Federal Circuit has made clear that to demonstrate a

likelihood of success on the merits a party must demonstrate that it is likely that the court has jurisdiction.[4]

The United States, of course, "is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *see also Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 498 (2006). This court has jurisdiction to adjudicate bid protest claims pursuant to 28 U.S.C. § 1491(b)(1):

> The Unite[d] States Court of Federal Claims . . . shall have jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of a statute or regulation in connection with a procurement or a proposed procurement.

*See Resource Conservation Group, LLC v. United States*, 2010 WL 681363, at *3 (Fed. Cir. March 1, 2010).[5] In this case, plaintiff, of course, is objecting to neither a solicitation nor a proposed or actual award of a contract. Rather, it predicates jurisdiction on the notion that it is asserting "an alleged violation of a statute or regulation in connection with a procurement or proposed procurement." However, in *Gov't Tech. Servs. LLC v. United States*, 90 Fed. Cl. 522, 527-28 (2009), this court squarely held that the government's failure to exercise an option is not an action covered by section 1491(b)(1), but rather is a matter of contract administration reviewable, if at all, under the Contract Disputes Act, 41 U.S.C. §§ 601-13. In so holding, this court soundly rejected the notion that a plaintiff could elect between raising its claim under the CDA or as a bid protest, finding that "the Federal Circuit has made it crystal clear that the CDA is the 'exclusive mechanism' for the resolution of disputes arising, as here, in contract management." *Gov't Tech. Servs.*, 90 Fed. Cl. at 528 (citing *Dalton v. Sherwood Van Lines, Inc.*, 50 F.3d 1014, 1017 (Fed. Cir. 1995)).[6]

---

[4] *See U.S. Ass'n of Importers of Textiles & Apparel v. United States*, 413 F.3d 1344, 1348-49 (Fed. Cir. 2005); *see also RhinoCorps, Ltd. Co. v. United States*, 87 Fed. Cl. 673, 677 (2009) ("Jurisdiction, of course, is the predicate to qualify for a substantial likelihood of success on the merits."); *Four River Investments, Inc. v. United States*, 77 Fed. Cl. 592, 595 (2007) ("lack of jurisdiction will preclude likelihood of success on the merits, the second factor in determining the appropriateness of injunctive relief").

[5] In response to a bid protest filed with it, this court is empowered to award "any relief that the court considers proper, including declaratory and injunctive relief." 28 U.S.C. § 1491(b)(2); *see also Centech Group, Inc. v. United States*, 554 F.3d 1029, 1037 (Fed. Cir. 2009).

[6] For similar rulings involving efforts to enjoin the termination of a contract, *see Data Monitoring Sys., Inc. v. United States*, 74 Fed. Cl. 66, 71-72 (2006) (holding that the court lacked jurisdiction under the bid protest provisions of section 1491 to enjoin a contracting agency's termination of a contract); *Griffy's Landscape Maint. LLC v. United States*, 51 Fed. Cl. 667, 672-

The view that this court's bid protest jurisdiction does not extend to cases such as this is bolstered by a number of decisions of the General Accountability Office (GAO) holding that an agency's decision not to exercise an option is not a "procurement" decision within its bid protest jurisdiction, as defined in 31 U.S.C. §§ 3551-52. *See Am. Consulting Servs., Inc.*, 97-2 C.P.D. ¶ 37 (1997) ("To the extent ACS challenges the agency's refusal to exercise the final option of its FAST contract, this issue is not for our review since a contracting agency's decision whether to exercise an option is a matter of contract administration outside the scope of our bid protest function."); *Fjellestad, Barret and Short*, 92-2 C.P.D. ¶ 118 (1992); *U.S. Defense Sys., Inc.*, 92-2 C.P.D. ¶ 179 (1991); *Young-Robinson Assocs., Inc.*, 91-1 C.P.D. ¶ 319 (1991); *Falcon Mgmt., Inc.*, 86-1 C.P.D. ¶ 448 (1986). In so concluding, the GAO has noted that "[c]ontract options are exercised solely at the discretion of the government, and a contractor cannot compel an agency to exercise an option in its contract." *U.S. Defense Sys., Inc.*, 92-2 C.P.D. ¶ 179 at *2; *see also Gov't Sys. Advisors v. United States*, 847 F.2d 811, 813 (Fed. Cir. 1998). The GAO has further observed that "those who bid on contracts containing option provisions assume the risk that the agency may not exercise that option," and should not be heard to complain that the government's failure to exercise an option left it unable to recover all its costs. *U.S. Defense Sys., Inc.*, 92-2 C.P.D. ¶ 179 at *2.

Accordingly, the court concludes that plaintiff has not demonstrated a likelihood of success on the merits. Should this case proceed, much more will need to be shown to demonstrate that plaintiff is entitled to relief.

Likewise tenuous is plaintiff's claim that issuance of a temporary restraining order is in the public's interest. "Clearly, the public interest in honest, open, and fair competition in the procurement process is compromised whenever an agency abuses its discretion in evaluating a contractor's bid." *Software Testing Solutions*, 58 Fed. Cl. at 538; *see also PGBA, LLC v. United States*, 57 Fed. Cl. 655, 663 (2003); *Cincom Sys. Inc. v. United States*, 37 Fed. Cl. 266, 269 (1997); *Magellan Corp. v. United States*, 27 Fed. Cl. 446, 448 (1993). "It is equally clear, however, that a procuring agency should be able to conduct procurements without excessive judicial infringement upon the agency's discretion." *Aero Corp. S.A. v. United States*, 38 Fed. Cl. 237, 242 (1997); *see also Magellan*, 27 Fed. Cl. at 448. Given these competing considerations, judicial infringement on the procurement process would seem overreaching if, as here, there are serious questions as to whether the court has jurisdiction to render permanent relief. *See CC Distribs., Inc. v. United States*, 65 Fed. Cl. 813, 818 (2005). And, contrary to plaintiff's initial factual claims – which have been proven to be incorrect – there is no indication that it has been or will be excluded from any competition for a future contract. As such, there is no apparent

---

73 (2001) (holding that the awardee of a contract may not challenge the decision to terminate that contract by invoking the court's bid protest jurisdiction); *Davis/HRGM Joint Venture v. United States*, 50 Fed. Cl. 539, 544 (2001) (ruling that a contractor's challenge to a termination for convenience "does not fall within the express language of [28 U.S.C.] § 1491(b) because it does not relate to an interested party's objection to a solicitation, a proposed award, or an award").

threat here – at least no immediate one – to the competitiveness of the Federal procurement process.

Given the results described above, plaintiff's largely undocumented claim that, without a temporary restraining order, it will suffer harm that may not be addressable by a subsequent monetary award is insufficient to win the day. *See Chrysler Motors Corp. v. Auto Body Panels of Ohio, Inc.*, 908 F.2d 951, 953 (Fed. Cir. 1990) ("the absence of an adequate showing with regard to any one factor may be sufficient . . . to justify . . . denial" of preliminary relief); *Akal Sec. Inc. v. United States*, 87 Fed. Cl. 311, 317 (2009).  This is particularly so given defendant's representations, supported by affidavit, that plaintiff would stand to benefit little, by way of additional work, were defendant ordered to extend the existing contract, either via invoking an option or otherwise.  Therefore, on balance, plaintiff has not met its burden of demonstrating the need for the extraordinary remedy of temporary injunctive relief.

### III.  CONCLUSION

For the foregoing reasons, plaintiff's application for a temporary restraining order is **DENIED**.  On or before 12:00 noon (EDT) on April 2, 2010, plaintiff shall file a brief status report indicating whether it intends to continue to pursue injunctive relief in this matter.  Following the receipt of that report, the court will either convene another status conference or enter an appropriate schedule.[7]

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge

---

[7] It is the court's intent to unseal and publish this order after April 9, 2010.  On or before April 9, 2010, each party shall file proposed redactions to this opinion, with specific reasons therefor.